SAMSON FREUDENBERGER, DEFENDANT IN ERROR, v. L. STERNBERG & COMPANY, A CORPORATION, PLAINTIFF IN ERROR.

Submitted December 10, 1901—Decided March 3, 1902.

1. The manager of a sales branch of a manufacturing and merchandising business was, on January 2d, 1897, employed, indefinitely as to time, at a weekly salary and "a commission of three per cent. on cash receipts less all expenses" of the branch "to be computed yearly, payable after three months' notice. Three months' notice to be given by either party before termination of the employment." The employment was terminated in October, 1897, without previous notice, under circumstances that, for the purposes of this case, must be held to imply the mutual assent of the parties, and the salary of the manager to that time was paid.

2. In a suit brought by the manager against the employer in February, 1898, the plaintiff recovered verdict and judgment for commission on the daily cash receipts less the daily expenses of the branch up to the termination of the employment. On writ of error of the defendant—*Held*—

(1) That the termination of the employment by mutual assent did not forfeit the right to commission.

(2) That the commission could properly be ascertained only by deducting from the cash receipts of the whole year 1897 the expenses of that year and reckoning the agreed percentage on the proportionate part of the residue represented by the manager's time of service during the year.

(3) That cost of merchandise was not to be included in expenses.

(4) That the commission earned was not payable except on three months' notice after January 1st, 1898, and that therefore the suit was prematurely brought.

On error to the Essex County Circuit.

For the plaintiff in error, *Robert H. McCarter.*

For the defendant in error, *Riker & Riker.*

The opinion of the court was delivered by

COLLINS, J. The judgment reviewed in this cause rests on a verdict in favor of the plaintiff below, and the errors assigned present exceptions sealed at the trial.

The foundation of the action was a written agreement, which was made January 2d, 1897 (but erroneously stated the year as 1896), of which the following is a copy:

"NEWARK, N. J., January 2, 1896.

"*Agreement of employment between L. Sternberg & Co., and Sam. Freudenberger:*

"Mr. Sam. Freudenberger to continue in his present capacity of manager in the Jersey City Branch of L. Sternberg & Co., with the same duties as heretofore on a salary of $25.00 per week and a commission of three per cent. on cash receipts, less all expenses, to be computed yearly, payable after three months' notice. Three months' notice to be given by either party before termination of employment."

The plaintiff, in the first count of his declaration, avers his unwarranted discharge from the employment, on October 16th, 1897, without notice, and claims damages accordingly. The common counts are added. In the opinion of the trial judge the evidence established that the employment was terminated, on or about the date named, by mutual assent, and the case was put to the jury on that basis. Recovery under the common counts was permitted for commission, under the agreement, up to such termination—the plaintiff's salary, up to that time, having been paid.

It is not necessary to recite the various rulings assigned for error. The exceptions were sufficient to uphold the result we have reached.

The defendant contends that the contract in controversy was a yearly one, and that, because the employment was terminated, by mutual assent, during a current year, no commission was demandable. We think this contention unfounded. The commission was to be computed yearly, but the agreement plainly contemplated that the employment might, on three months' notice, be terminated at any time—not, as claimed by the defendant, impliedly at the end of a yearly period only. There is nothing to indicate that, in

case of termination during a year, the manager's commis-sion was to be forfeited. The notice, of course, could be waived. When, therefore, the employment, in October, 1897, was terminated, the plaintiff's right to commission, *pro tanto,* became vested. The only questions to be decided are how it should be computed and when it would be payable.

We think that the provision to compute commission yearly survived the termination of the employment. Commission was to be reckoned on cash receipts, less all expenses, and it is not to be presumed that the parties contemplated that expenses or receipts would be uniform throughout the year. In our opinion the plaintiff's commission must be computed as follows: The gross cash receipts of the defendant in its Jersey City branch for the year 1897 must be ascertained, and all expenses of the branch for that year must be deducted therefrom. Upon the proportionate part of the residue represented by the plaintiff's time of service during the year the agreed percentage must be reckoned.

The verdict that was rendered was based upon the erroneous theory submitted to the jury that receipts and expenses were to be reckoned *die in diem.* In another respect there was a misdirection on this branch of the case that, though harmless, as it was qualified, should not be passed unnoticed. The trial judge interpreted the writing as providing for commission on "net profits;" and he would have permitted the jury to include in the expenses deductible from gross receipts "not only the current running expenses, but the cost of merchandise shipped to the Jersey City store," but for the fact that he held the defendant bound by what was called in its books the Jersey City expense account, which did not include the cost of such merchandise. We disagree with this interpretation. Had the parties meant to fix net profits as the basis for commission, they would have said so. The phrase "cash receipts, less all expenses," would be a very awkward and unlikely substitute for the other simple and natural expression of intent. The defendant's expense account, while not an estoppel, showed a correct understanding of the contract. The facts proved show that the defendant's principal

business was in Newark, and that the goods sold in Jersey City were largely manufactured, and not purchased, by the defendant. A very reasonable basis of commission would be cash receipts, less expenses of the branch, and, in plain words, that idea is expressed. The simple method adopted excluded complicated accounts that the Jersey City manager would have no means of verifying, and excluded, also, the element of unpaid sales upon credit. Doubtless the rate of commission was adopted after a consideration of previous experience—the agreement, on its face, showing that it was in continuance of pre-existing relations of the parties.

Having thus determined how commission should be computed, the question of when it was payable remains. The agreement provides for a three-months' notice to pay, and we see no reason to think that that provision was waived by a termination of the employment. Not only was it necessary to wait until the end of the year 1897 before the plaintiff's commission could be ascertained, but three months thereafter for payment was allowable to the defendant. It does not follow that notice to pay could not be given until after the amount of the commission should be ascertained according to the agreement. Doubtless, had the plaintiff remained in the employment, he could have made the computation himself, and could have specified in his notice the sum that he claimed. Under the circumstances it would have sufficed for him to give notice on January 2d, 1898, demanding payment three months thereafter of what, on proper computation, would be his due. In fact, he began his suit prematurely in February, 1898, and for that cause a nonsuit should have been directed. The questions above discussed were, however, fairly involved on this writ of error, and have therefore been decided.

The judgment must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 15.